IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-87-TAV-JEM |
| WAYNARD Q. WINBUSH, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the pro se Motion for Substitute Counsel [Doc. 131], filed on October 11, 2024, and the Motion to Withdraw [Doc. 136], filed by Attorney Nathaniel ("Nate") Evans on October 28, 2024. *See* 28 U.S.C. § 636(b). The parties appeared for a hearing on this motion on November 13, 2024. Assistant United States Attorney Brent Jones represented the Government. Attorney Nate Evans appeared with Defendant Winbush, who was also present. CJA Attorney Donny Young was also present at the Court's request.

The Court appointed Attorney Nate Evans to represent Defendant Winbush at his initial appearance and arraignment on September 19, 2024 [Doc. 118]. Defendant Winbush complains that he and Attorney Evans are in conflict about the application of the Interstate Agreement on Detainers Act ("IAD") to his case [Doc. 131 pp. 3–5, 9–11].[1] Defendant Winbush also filed several

---

[1] Defendant also requests transfer to a different jail and raises concerns about conditions at the Blount County Detention Center ("BCBD") and his health [Doc. 131 pp. 5–8]. Defendant's new counsel is **DIRECTED** to review Defendant's pro se filings [Docs. 131 & 142 (pro se notice of "harsh conditions" at BCDC and request for transfer)] and address any issues relating to Defendant's conditions and care at the jail with the United States Marshals Service before filing a motion regarding those issues with the Court.

filings pro se: two notices under the IAD [Docs. 121[2] & 128]; a letter to the Court Clerk (copy request) and "[r]equest for final disposition" under the IAD [Doc. 130]; a Motion to Object [to] Trial Date Outside of the 120 Days Time Limit IAD Article IV(c) [Doc. 134]; a Notice and Request [Doc. 135]; and a Motion to Request Defense Counsel to Turn Discovery Over to the Defendant [Doc. 139].[3]

In his motion, Attorney Evans informs the Court that "the attorney-client relationship has deteriorated to the point that counsel cannot effectively work with the Defendant to properly conclude his case" [Doc. 136 p. 1]. Specifically, he states that "Mr. Winbush does not trust the legal advice and opinion of undersigned counsel" and that "Defendant has demanded that certain motions be filed, and [Attorney Evans] does not support the filing of said motions" [*Id.*]. Attorney Evans further states that he is no longer able to represent Defendant under the Tennessee Rules of Professional Conduct [*Id.* at 1–2].

At the motion hearing, the Government confirmed that it had no position on the motions. The Court conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court is reasonably satisfied that there are sufficient grounds to substitute counsel based on a strained relationship, which is suffering from a breakdown of communication that has compromised beyond repair counsel's ability to render effective assistance. Good cause therefore exists for substitution of counsel.

---

[2] Defendant's initial notice was filed on September 18, 2024, the day before his first appearance in this case.

[3] On the day of the motion hearing, Defendant also filed two notices and requests pro se concerning discovery and conditions at BCDC [Docs. 141 & 142].

Therefore, Defendant Winbush's pro se Motion for Substitute Counsel [**Doc. 131**] is **GRANTED in part** and Attorney Evans's Motion to Withdraw [**Doc. 136**] is **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Mr. Evans is relieved as counsel of record for Defendant Winbush, and Attorney Evans is **DIRECTED** to provide new counsel with discovery and the information from Defendant Winbush's file. The Court recognizes the need for Defendant Winbush to be represented continuously by counsel. Attorney Donny Young was present at the hearing and agreed to accept representation of Defendant Winbush. The Court **SUBSTITUTES** and **APPOINTS** Attorney Donny Young under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Winbush.

Accordingly, it is **ORDERED**:

(1) Defendant Waynard Winbush's pro se Motion for Substitute Counsel [**Doc. 131**] is **GRANTED in part**, and the Motion to Withdraw [**Doc. 136**] are **GRANTED**;

(2) Attorney Nate Evans is **RELIEVED** of his representation of Defendant Winbush, and **DIRECTED** to provide new counsel with the discovery and information from Defendant Winbush's file;

(3) Attorney Donny Young is **SUBSTITUTED** and **APPOINTED** as Defendant Winbush's counsel of record under the CJA;

(4) the Government is **ORDERED** to provide discovery to new counsel on or before **November 20, 2024**; and

(5) given that Local Rule 83.4(c) prohibits a party from filing motions on his own behalf while represented by counsel, E.D. Tenn. L.R. 83.4(c), Defendant's pro se request for transfer [**Doc. 131**] and his other pro se motions [**Docs. 134 & 139**] are **DENIED** as improperly filed; and

3

(6) new counsel is **DIRECTED** to review his client's pro se filings [Docs. 121, 128, 130, 131, 134, 135, 139, 141, & 142] and take any appropriate action.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge