IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CR-87-TAV-JEM ) |
| WAYNARD Q. WINBUSH, | ) ) |
| Defendant. | ) ) |

**SHOW CAUSE ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Waynard Winbush's pro se Omnibus Pretrial Motion to Dismiss Superseding Indictment for a Flagrant Violation of Rule 5(a); or Alternatively Suppress All Evidence; Dismiss Count One for Duplicity and Dismissal of Superseding Indictment for Failure to State an Offense ("Motion to Dismiss") [Doc. 256], filed on June 26, 2025. Defendant is charged with conspiring with named codefendants and unnamed others to distribute 400 grams or more of fentanyl from November 1, 2021, through on or about May 20, 2022, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(C), and 846 (Count One) [Doc. 102 pp. 1–2]. In his Motion to Dismiss, Defendant alleges three theories for dismissing the charge against him: Count One of the Superseding Indictment is duplicitous because it cites § 841(b)(1)(C) in addition to § 841(b)(1)(A) [Doc. 256 pp. 2, 8–9]; Codefendant Prince Brown initially faced state charges for his arrest for the alleged conduct a year before Brown was charged in a federal Indictment, which violates federal procedure because Brown was not immediately brought before a federal magistrate judge [*id*. at 3–8]; and failure to state an offense under or give adequate notice of a violation of § 841(b) [*id*. at 9–11].

Motions seeking dismissal of the charges due to either a defect in instituting the prosecution or a defect in the indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(A)–(B). Here, the deadline for filing pretrial motions expired on February 4, 2025 [Doc. 198].[1] Defendant has already litigated pretrial motions, including a Motion to Dismiss, through counsel, which were denied [Docs. 215 & 254]. Defendant now seeks to file an additional pretrial motion nearly five months after the expiration of the motion deadline and after previously litigating a motion to dismiss through counsel.

The Court has discretion to permit an untimely motion, and the moving party must demonstrate "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)).

Here, Defendant provides no explanation for his untimely pretrial motion. Defendant also fails to address the prejudice to the Court and the public from filing a dispositive motion after the Court has already denied his motion to dismiss. Accordingly, the Court **ORDERS** as follows:

---

[1] The undersigned set a deadline for pretrial motions of January 6, 2025, after Defendant obtained substitute counsel Attorney Donny Young [Doc. 166]. Mr. Young filed four pretrial motions [Docs. 172, 174, 176 & 177], including a Motion to Dismiss the Indictment for violation of the Interstate Agreement on Detainers [Doc. 176]. The undersigned reopened the motion deadline for Defendant's third defense counsel Attorney Michael Menefee, allowing him to supplement the motions filed by Mr. Young and to file any additional motions by January 31, 2025 [Doc. 196 p. 3]. The undersigned extended this deadline to February 4, 2025 [Doc. 198]. Mr. Menefee filed a supplemental basis for the motion to dismiss, alleging a violation of the right to a speedy trial [Doc. 199].

(1)  Defendant **SHALL SHOW CAUSE on or before July 14, 2025**, why the pro se Motion to Dismiss [Doc. 256] should not be denied as untimely;

(2)  in Defendant's response to this Show Cause Order, he must address the reason for delay, prejudice, and the impact of a late-filed motion on the September 23, 2025 trial date;

(3)  if Defendant files a response to this Show Cause Order, then the Government shall file a reply on or before **July 28, 2025**;

(4)  if the Court permits the untimely motion, it will set a deadline for the Government to respond to the substance of the motion; and

(5)  the Clerk of Court is **DIRECTED** to mail a copy of this Show Cause Order to Defendant Winbush at his place of detention.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge