IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CR-87-TAV-JEM ) |
| WAYNARD Q. WINBUSH, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Waynard Winbush's pro se[1] Omnibus Pretrial Motion to Dismiss Superseding Indictment for a Flagrant Violation of Rule 5(a); or Alternatively Suppress All Evidence; Dismiss Count One for Duplicity and Dismissal of Superseding Indictment for Failure to State an Offense ("Motion to Dismiss") [Doc. 256], filed on June 26, 2025. Defendant is charged with conspiring with named codefendants and unnamed others to distribute 400 grams or more of fentanyl and a quantity of heroin from November 1, 2021, through on or about May 20, 2022, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C) (Count One) [Doc. 102 pp. 1–2]. In his Motion to Dismiss, Defendant alleges three theories for dismissing the charge against him: law enforcement's failure to bring a coconspirator before a federal magistrate judge following his arrest on state charges resulted in illegally obtained evidence [Doc. 256 pp. 3–8]; Count One of the

---

[1] At a motion hearing on May 20, 2025, the undersigned granted Defendant's request to represent himself, finding that he knowingly and voluntarily waived his right to counsel [Doc. 239 pp. 3–5]. The Court appointed Attorney Ashlee Mathis as elbow counsel for Defendant [*Id.* at 5].

Superseding Indictment is duplicitous [*id*. at 2, 8–9]; and the failure to state an offense under or give adequate notice of a violation of § 843(b) [*id*. at 9–11].

Defendant filed the Motion to Dismiss nearly five months after the expiration of the pretrial motion deadline on February 4, 2025 [*See* Doc. 198]. The undersigned ordered Defendant to show cause why his motion should not be denied as untimely [Doc. 258 p. 3]. Defendant responds that his untimely motion is due to recent receipt of discovery from elbow counsel and determining the identity of a confidential informant [Doc. 261 pp. 2–3]. He argues that he would be prejudiced if the Court declines to hear the motion which addresses "structural errors" and violations of his constitutional rights [*Id*. at 4, 6]. In contrast, Defendant argues that neither the public nor the Government will suffer prejudice from litigation of his late Motion to Dismiss, which he contends will not affect the trial date [*Id*. at 5–7].

Defendant fails to show good cause for the belated filing of a pretrial motion. Accordingly, the Court **DENIES** Defendant's motion [Doc. 261] because it is untimely.

I. BACKGROUND

On August 2, 2023, the Grand Jury returned an Indictment charging Antoine Winbush, Tarius Myers, Alison Grace, and Prince Brown with conspiring with each other "and at least one other person" to distribute fentanyl from May 1–20, 2022, in violation of 18 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)–(C) (Count One) [Doc. 3 pp. 1–2].[2] A little over a year later, on August 21, 2024, a Superseding Indictment added Defendant Waynard Winbush to the drug conspiracy alleged in Count One, charging him with conspiring with Antoine Winbush, Myers, Grace and

---

[2] The Indictment also charged Defendants Myers and Grace with conspiring to distribute methamphetamine (Count Two), possessing fentanyl and methamphetamine with intent to distribute (Count Three), and possession of firearms in furtherance of drug trafficking (Count Four) [Doc. 3 pp. 2–3].

2

Brown both charged in another instrument, and unnamed others to distribute fentanyl and heroin from November 1, 2021, through on or about May 20, 2022, in violation of 21 U.S.C. §§ 846 and 841(a)(1) [Doc. 102 pp. 1–2]. Count One further charges that the amount of controlled substances attributable to Defendant and Antoine Winbush "as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to them is 400 grams or more of . . . fentanyl, a Schedule II controlled substance, and a quantity of heroin, a Schedule I controlled substance, thereby making the offense punishable under" 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(C) [*Id*.]. Defendant first appeared on September 19, 2024 [Doc. 116, Minutes]. The Court appointed Attorney Nathaniel Evans to represent Defendant [Doc. 118] and continued the October 1, 2024 trial date to February 11, 2025 [Doc. 127 p. 2].[3]

At Defendant's request, the undersigned substituted Attorney Donny M. Young for Mr. Evans on November 13, 2024 [Doc. 144 p. 3]. The Court set a new motion deadline of January 6, 2025 [Doc. 166], and Mr. Young timely filed four pretrial motions on Defendant's behalf, including a Motion to Dismiss [the Indictment] for Violation of Interstate Agreement on Detainers ("original Motion to Dismiss") [Doc. 176].[4] Defendant again requested new counsel, and on January 15, 2025, the undersigned substituted Attorney Michael B. Menefee for Mr. Young [Doc. 188 p. 3]. The Court reopened and extended the pretrial motion deadline to February 4, 2025, for Mr. Menefee to supplement the motions filed by Mr. Young and to file any new motions [*Id*. & Doc. 198]. Mr. Menefee filed a Supplement to Motion to Dismiss for Violation of Interstate

---

[3] The Report and Recommendation of March 19, 2025, contains a full review of Defendant's prior state conviction, prior state charges, and entry into this case [Doc. 214 pp. 2–6].

[4] Counsel also filed a Motion for Bill of Particulars [Docs. 172 & 173], a Motion for Hearing to Determine Existence of Conspiracy ("*Enright* Motion") [Docs. 174 & 175], and a Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 177]. The Court ruled on these motions on April 1, 2025 [Doc. 215] before Defendant's then May 20, 2025 trial date [*See* Doc. 196].

3

Agreement on Detainers [Doc. 199]. The Court held motion hearings on Defendant's pending pretrial motions on February 11, 2025 [Doc. 200, Minutes] and March 10, 2025 [Doc. 210, Minutes].

On March 19, 2025, the undersigned recommended denial of Defendant's original Motion to Dismiss [Docs. 176 & 199], finding the Interstate Agreement on Detainers ("IAD") does not apply in this case and, if it did, the initial trial continuance (from October 1, 2024, to February 11, 2025) did not violate the speedy trial provisions of the IAD [Doc. 214 p. 20]. United States District Judge Thomas A. Varlan accepted and adopted the Report and Recommendation and denied Defendant's original Motion to Dismiss [Doc. 254 pp. 1, 17].

The undersigned again continued the trial on Defendant's motion to September 23, 2025 [Doc. 229 p. 2]. On May 20, 2025, the Court granted Defendant's request to represent himself, relieved Mr. Menefee, and appointed elbow counsel [Doc. 239 pp. 4–5]. A little over a month later, on June 26, 2025, Defendant filed a second, pro se Motion to Dismiss [Doc. 256].

In his motion, Defendant asks the Court to dismiss the Superseding Indictment or, alternatively to suppress evidence, because his "Codefendant"[5] Prince Brown, who was arrested on May 10, 2022, with a large quantity of fentanyl, following a federal investigation, was not promptly taken before a federal magistrate judge but, instead, was charged with a state offense [*Id*. at 3–4]. Defendant contends that federal law applies to Brown's arrest and the seizure of fentanyl because federal officers assisted the state officers and because Brown was targeted in a federal investigation [*Id*. at 5–6]. He contends that the Government "subverted" Federal Rule of Criminal Procedure 5(a) by not seeking a federal criminal complaint for Brown and by not bringing

---

[5] Defendant refers to Brown as his codefendant, but when Defendant entered the case, Brown was named in the Superseding Indictment but charged in another instrument [*See* Doc. 102 p. 1]. The undersigned will refer to Brown as a coconspirator rather than Defendant's codefendant.

4

Brown before a federal, rather than a state, judge [*Id*. at 7–8]. Defendant also argues that Count One of the Superseding Indictment is duplicitous because it alleges violations of both 21 U.S.C. § 841(b)(1)(A), which provides for a term of incarceration of ten years to life, and § 841(b)(1)(C), which provides for a term of incarceration of up to twenty years [*Id*. at 8–9]. Finally, Defendant alleges that Count One fails to state an offense or provide adequate notice of the charged offense because it does not charge him with a violation of 18 U.S.C. § 843(b), which prohibits use of a communication facility to commit or facilitate drug trafficking, but the Government contends Defendant's participation in the alleged conspiracy stems from telephone calls in which he coordinated a drug shipment [*Id*. at 10–11].

The undersigned ordered Defendant Winbush to show cause why it should not deny his pro se Motion to Dismiss as untimely [Doc. 258 p. 3]. Defendant responded[6] that he belatedly filed his Motion to Dismiss because he only recently received discovery through elbow counsel and determined the identity of a confidential informant [Doc. 261 pp. 2–3]. He contends that if the Court declines to hear the motion, he will be prejudiced by the Government's introduction of unlawfully obtained evidence at trial in violation of his constitutional rights [*Id*. at 4, 6]. He asserts introduction of this evidence (presumably the fentanyl seized from Brown upon his arrest) will cause a serious "structural error" in the trial [*Id*. at 6]. He asserts that the potential structural error is an "extraordinary or exceptional circumstance[]" warranting consideration of the late Motion to Dismiss in this case [*Id*. at 5–6]. Defendant also maintains that disallowing his motion will undermine the public's confidence in the judicial process [*Id*. at 5]. Finally, he asserts that litigation

---

[6] Defendant's response is titled a Motion for Show Cause [Doc. 261]. The Court finds this filing to be Defendant's response to the Show Cause Order.

5

of his motion will afford the Government a chance to rebut the issues before trial and will not affect the trial date [*Id*. at 6–7].

On July 28, 2025, the Government responded that Defendant fails to show good cause for the untimely Motion to Dismiss [Doc. 264 p. 3]. Regarding Defendant's reason for the delayed filing, the Government argues that it produced discovery to Defendant's original attorney Mr. Evans on September 27, 2024, and, at the Court's direction, it produced discovery again to elbow counsel Ms. Mathis on May 28, 2025 [*Id*. at 1–2]. It denies disclosing the identity of any confidential source or informant and contends that, to the extent Defendant may have surmised a supposed informant's identity after reviewing discovery provided to elbow counsel, such does not amount to him receiving late discovery [*Id*. at 2]. The Government also discounts Defendant's arguments on prejudice, stating Defendant is asking the Court to relitigate issues already adjudicated and litigation of the late motion will necessarily cause a delay in the September 23, 2025 trial date because the nature of the motion requires a report and recommendation [*Id*. at 2–3].

Defendant did not file a reply, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a) (requiring a reply brief be filed within seven days of the response unless the Court specifies another deadline). Accordingly, the matter is now ripe for determination.

## II.    ANALYSIS

Defendant Winbush moves the Court to dismiss the Superseding Indictment alleging defects in the charging instrument, namely a duplicitous charge, failure to state an offense, and insufficient notice of the charged offense [Doc. 256 pp. 8–11]. He also alleges a defect in the prosecution, specifically the Government's failure to seek federal charges against a coconspirator

6

Case 3:23-cr-00087-TAV-JEM    Document 269    Filed 08/11/25    Page 6 of 14
PageID #: 1372

at the time of the coconspirator's arrest and its failure to charge Defendant with 21 U.S.C. § 843(b), rather than § 846 [*Id*. at 2–4, 10–11].[7]

Motions alleging a defect in the prosecution or in the indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(A)–(B).[8] The failure to file a pretrial motion on a Rule 12(b)(3) issue does not waive the issue. *United States v. Soto*, 794 F.3d 635, 652 (6th Cir. 2015) (concluding the removal of the term "waiver" from the amended Rule 12 means "courts may no longer treat a party's failure to file a timely Rule 12(b)(3) pretrial motion as an intentional relinquishment of a known right"). Instead, "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed

---

[7]  Defendant characterizes this as "outrageous government conduct" and, thus, "a defect in instituting the prosecution" [Doc. 261 p. 4].

[8]  Citing to *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010), Defendant argues an indictment's failure to state an offense may be raised at any time, including after the trial or on appeal [Doc. 261 p. 8]. Defendant relies on case law decided before the 2014 amendments to Federal Rule of Criminal Procedure 12. The 2014 amendments "remove[d] language that allowed the court at any time while the case is pending to hear a claim that the 'indictment or information . . . fails to state an offense.'" Fed. R. Crim. P. 12(b)(3) advisory committee's note to 2014 amendment. This change was enacted to align Rule 12(b)(3) with the Supreme Court's holding in *United States v. Cotton*, 535 U.S. 625, 629–31 (2002), which overruled *Ex parte Bain, Jr.*, 121 U.S. 1 (1887), "'[i]nsofar as it [(*Bain*)] held that a defective indictment deprives a court of jurisdiction[.]'" Fed. R. Crim. P. 12(b)(3) advisory committee's note to 2014 amendment. Thus, Defendant's claim that the Superseding Indictment fails to state an offense because it does not charge him with a violation of 21 U.S.C. § 843(b) is also untimely.

motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)).

Here, the deadline for filing pretrial motions expired on February 4, 2025 [Doc. 198]. Moreover, Defendant has already sought dismissal of the Superseding Indictment through counsel [*See* Docs. 176 & 199]. Defendant, who now represents himself, asks the Court to permit his untimely Motion to Dismiss, filed nearly five months after the expiration of the motion deadline. Defendant Winbush's reasons for delay in filing the motion and arguments on prejudice do not amount to good cause.

### A. Reason for Delay

Defendant attributes the belated filing of his Motion to Dismiss to his recent receipt of the discovery from elbow counsel and his recently figuring out the identity of a person whom he believes acted as a confidential informant in his state case [Doc. 256 pp. 2–3]. Yet, all of Defendant's claims relating to defects in the Indictment were present from the time of his first appearance. Defendant fails to explain how his determination that his coconspirator was a confidential informant in his state case relates to his allegations of a defect in the prosecution, but the Court finds that the same discovery was produced to defense counsel well before the motion deadline in this case. Thus, defense counsel could have raised any of Defendant's current allegations in the original Motion to Dismiss. Moreover, when Defendant changed counsel after the filing of the original Motion to Dismiss, the undersigned gave new counsel time to supplement the Motion to Dismiss and to file any additional motions.

Defendant argues that while represented by counsel, he filed several pro se motions "trying to get the discovery materials from [his] previous lawyers" [Doc. 261 pp. 9–10]. The fact that Defendant's prior counsel did not include in the original Motion to Dismiss all the reasons for

challenging the Superseding Indictment that Defendant now seeks to raise is also not good cause for allowing the untimely motion. The Sixth Circuit has "repeatedly held that good cause to excuse non-compliance with a court-ordered deadline is absent if the failure to timely file resulted from the lawyer's decision not to file a pretrial motion before the deadline." *United States v. Gulley*, 780 F. App'x 275, 283 (6th Cir. 2019) (citation omitted); *see also Soto*, 794 F.3d at 655 (holding "that under the current version of Rule 12(c)(3), we do not treat the failure to file a motion as a waiver unless the circumstances of the case indicate that the defendant intentionally relinquished a known right"); *United States v. Turner*, 602 F.3d 778, 787 (6th Cir. 2010) (finding no good cause for a late suppression motion when defendant asserted that he tried to file the motion before the deadline, but his counsel did not allow it).

In *Gulley*, defendant's first attorney litigated a motion to suppress evidence due to lack of probable cause for the search warrant. 780 F. App'x at 281. The defendant, through substitute counsel, sought to file a second suppression motion, after the motion deadline, alleging additional issues in relation to the search warrant affidavit and the officers' warrantless entry onto the premises. *Id*. at 280. The court declined to hear the second motion, finding a change in counsel alone is not good cause for permitting an untimely motion; "otherwise, every defendant who did not prevail on his or her initial motion to suppress might then seek a new lawyer to file a revised suppression motion." *Id*. at 283. Gulley's argument that he asked his first attorney to include the issues alleged in the second motion was to no avail. *Id*. "Because 'nothing prohibited [Gulley's] counsel from making this motion [to suppress the allegedly warrantless entry] before the deadline,' . . . the logic of our precedent regarding untimeliness applies." *Id*. (quoting *Walden*, 625 F.3d at 965) (alterations in *Gulley*). In other words, the initial attorney's decision not to raise

9

the additional suppression issues advocated by the defendant was an intentional relinquishment of a known right regarding those issues. *See id*.

The same is true here. Nothing prevented Defendant Winbush's prior attorneys from including the arguments now raised by Defendant in the timely original Motion to Dismiss. Nor does Defendant's status as a pro se litigant require a different result. *See United States v. Marin*, 649 F. Supp. 3d 576, (E.D. Mich. Jan. 9, 2023) (relying on *Gulley* to deny defendant's untimely pro se motions because they could have been filed by counsel before the expiration of the motion deadline); *see also United States v. Glatz*, No. 3:19-CR-218, 2023 WL 4554606, at * 2 (E.D. Tenn. July 14, 2023) (rejecting the pro se defendant's "attempt to distinguish the *Gulley* decision" by arguing that prior counsel did not make an informed decision not to file the untimely motion to dismiss the indictment and observing that prior counsel filed multiple motions to suppress yet did not file a motion to dismiss the indictment).

Finally, Defendant asks the Court to consider his pro se Motion to Dismiss because it seeks the vindication of his constitutional rights, addresses a potential "structural error" at trial, and pertains to substantive, not procedural, issues [*See* Doc. 261 pp. 6, 8 (asserting the arguments in his Motion to Dismiss "are matters of substance and not form")]. Federal Rule of Criminal Procedure 12(c)(1), however, permits the Court to set a motion deadline for pretrial motions, including those raising constitutional issues. And Rule 12(c)(3) requires a party seeking to file an untimely motion to show good cause regardless of the nature of the motion. Defendant's pro se Motion to Dismiss is filed approximately five months after the expiration of the February 4, 2025 motion deadline and less than three months before his trial. The nature of the late motion does not constitute good cause.

10

Case 3:23-cr-00087-TAV-JEM    Document 269    Filed 08/11/25    Page 10 of 14
PageID #: 1376

B.    **Prejudice**

Defendant argues if his motion is not permitted, he will be prejudiced by the introduction of allegedly unlawful but unspecified evidence[9] and the violation of his rights to due process and a fair trial [Doc. 261 p. 4]. He asserts that although the prejudice to him will be grave, neither the public nor the Government will experience any prejudice from litigation of the untimely Motion to Dismiss [*Id.* at 5–6]. Instead, Defendant asserts litigation of the motion will affirm the public's confidence in the judicial process and give the Government a chance to challenge his allegations in this Court [*Id.*]. Finally, Defendant contends that litigation of his Motion to Dismiss will not impact the September 23, 2025 trial date [*Id.* at 6]. The undersigned disagrees.

Defendant filed his pro se Motion to Dismiss nearly five months after the motion deadline and just under three months before trial. Although Defendant avers that litigation of his motion will not affect the trial date, the Court finds the Government will need time to respond to the substance of the motion, the undersigned will need time to prepare a report and recommendation, the parties will have time to file and respond to objections, and then the District Judge will need time to rule on the motion in light of the recommendations and objections. All of this cannot occur before the trial date, which has already been moved three times since Defendant's entry into the case. At least one of the prior trial continuances was to allow Defendant to litigate his original Motion to Dismiss. The Court finds litigation of a dispositive motion at this stage in the

---

[9]    It appears that the evidence Defendant seeks to suppress is the large amount of fentanyl seized from his coconspirator at the time of the coconspirator's arrest. But Defendant by no means makes this clear. Nor does he explain how he has standing to challenge the allegedly improper state charges lodged against his coconspirator or the alleged unconstitutional delay in his coconspirator's initial appearance. Finally, Defendant fails to connect these multiple alleged improprieties relating to his coconspirator to the fairness of the process in his own case.

11

proceedings will necessarily cause a trial continuance and, thus, compromise the public's and the Government's interest in a speedy trial.

The parties, including the Government, are entitled to rely on the deadlines set by the Court in allocating time and resources. *United States v. Cornejo*, No. 3:19-CR-90, 2019 WL 5296762, at *5 (E.D. Tenn. Oct. 21, 2019). "'Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases.'" *Id*. (citation omitted). Accordingly, the Court finds that both the Court and the Government are prejudiced by the untimely Motion to Dismiss.

While Defendant asserts that he will be deprived of the opportunity to vindicate his constitutional rights, the record before the Court demonstrates Defendant's claims are not likely to meet with success. Defendant faults the Government for not seeking federal charges against his coconspirator Prince Brown at the time of Brown's arrest and for not charging him (Defendant) with a violation of 21 U.S.C. § 843(b), rather than a drug conspiracy under § 846. But "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (footnote omitted); *United States v. Howell*, 17 F.4th 673, 687 (6th Cir. 2021). Here, the Government exercised its discretion to charge Defendant with a drug conspiracy rather than a violation of § 843(b). Such was the Government's prerogative so long as it did not bring the charge for an improper purpose such as to punish Defendant for exercising a protected right. *Howell*, 17 F.4th at 687. And Defendant does not show any improper purpose in relation to the timing of the Government's pursuit of federal charges against Brown.

Moreover, the Superseding Indictment's reference to two subsections of § 841(b)(1) providing different punishments does not create an issue of duplicity. A single count alleging a conspiracy to distribute two or more controlled substances is not duplicitous. *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002) (citing *United States v. Dale*, 178 F.3d 429, 431–32 (6th Cir. 1999)). Nor does duplicity arise from the different potential penalties linked with the different drugs charged in a single conspiracy. *Dale*, 178 F.3d at 432 (observing the different penalties attached to different drugs in a multi-drug conspiracy is a sentencing matter, rather than an issue of duplicity, and that if a jury returns a general, rather than a specific, verdict, the sentence is limited to the lowest maximum sentence provided for the charged controlled substances).

Defendant's allegation that he did not receive proper notice of the charge is likewise unavailing. The Superseding Indictment sets forth the elements of a conspiracy to distribute controlled substances, along with the essential facts (the dates, location, types of controlled substances, and coconspirators), and provides notice of the charge sufficient to allow Defendant to prepare a defense and to protect him from double jeopardy. *Russell v. United States*, 369 U.S. 749, 763–70 (1962) (observing an indictment preserves the constitutional right to fair notice of the charges, the protection against double jeopardy, and the right to have a grand jury find probable cause for felony charges); Fed. R. Crim. P. 7(c)(1) (providing an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged").

In sum, Defendant does not demonstrate a legitimate reason for the delay nor the absence of prejudice. Accordingly, good cause does not support litigation of Defendant's untimely Motion to Dismiss.

13

Case 3:23-cr-00087-TAV-JEM    Document 269    Filed 08/11/25    Page 13 of 14
PageID #: 1379

## III. CONCLUSION

Defendant fails to show good cause for his untimely Motion to Dismiss. Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Omnibus Pretrial Motion to Dismiss Superseding Indictment for a Flagrant Violation of Rule 5(a); or Alternatively Suppress All Evidence; Dismiss Count One for Duplicity and Dismissal of Superseding Indictment for Failure to State an Offense [**Doc. 256**] is **DENIED** as untimely;

(2) the trial of this case remains set for **September 23, 2025**; and

(3) the Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Winbush at his place of detention.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge