IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-87-TAV-JEM |
| | ) | |
| WAYNARD Q. WINBUSH, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the undersigned on two pretrial motions by Defendant Waynard Winbush: (1) Notice and Request [Doc. 285], requesting items he characterizes as outstanding discovery, and (2) Motion to Produce Grand Jury Transcripts [Pursuant to] Fed. R. Crim. P. 6(e)(3)(E)(i)–(ii) [Doc. 295]. Defendant is charged with conspiring with named codefendants and unnamed others to distribute 400 grams or more of fentanyl from November 1, 2021, through on or about May 20, 2022, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(C), and 846 (Count One) [Doc. 102 pp. 1–2].

Defendant, who represents himself,[1] asks the Court to compel the Government to disclose items he maintains are outstanding discovery [Doc. 285 pp. 1–2]. Defendant also asks the Court to require the Government to disclose "Grand Jury testimony or other material" due to "Government misconduct," specifically law enforcement's violation of Federal Rule of Criminal

---

[1]     On May 20, 2025, the Court granted Defendant's request to represent himself and appointed elbow counsel Attorney Ashlee Mathis [Doc. 239 pp. 4–5].

Procedure 5(a) in failing to arrest Codefendant Prince Brown at the time officers intercepted him with fentanyl and to take him before a judge without unnecessary delay [Doc. 295 pp. 1–2, 4–5]. The Government responded in opposition to both motions [Doc. 310].

The Court finds both of Defendant's motions are untimely, filed without leave, and additionally without merit. Accordingly, both motions [**Docs. 285 & 295**] are **DENIED**.

## I.        ADDITIONAL DISCOVERY [Doc. 285]

Defendant moves the Court to require the Government to produce the following items as discovery: (1) the recording of the FBI interview of Codefendant Alison Grace along with a photograph of "P" shown to Grace during the meeting and Task Force Officer Hollifield's notes from the meeting; (2) the recording of an FBI interview of Codefendant Tarius Myers; (3) Codefendant Prince Brown's recorded statements to law enforcement; (4) extractions of cell phones seized on May 10, 2022; (5) any photographic lineups containing the photograph of Defendant that law enforcement showed to witnesses; (6) body or dash camera footage or recordings "of the 'interdiction' of Prince Brown on May 10, 2022"; and (7) body or dash camera footage or other recordings of the arrest of Codefendant Antoine Winbush on May 10, 2022 [Doc. 285 pp. 3–4]. Defendant states he requested these items from the Government through elbow counsel on June 30, 2025, and the Government's failure to provide these items violates *Brady v. Maryland*, 373 U.S. 83 (1963), and the Due Process Protections Act as reflected in Federal Rule of Criminal Procedure 5(f) [*Id*. at 1; Doc. 285-1 p. 1].

As an initial matter, the Court finds this motion is untimely and filed without leave or a showing of good cause. The Court permitted Defendant to represent himself on May 20, 2025

[Doc. 239 pp. 3–4].[2] At that hearing, Defendant acknowledged that he is expected to follow the Federal Rules of Criminal Procedure [*Id.* at 3]. Defendant's last motion deadline expired on February 4, 2025, while he was still represented by counsel [Doc. 198; *see also* Doc. 196 (reopening and extending pretrial motion deadline to Jan. 31, 2025); Doc. 269 p. 3]. While represented by counsel, Defendant litigated three non-dispositive motions and a motion to dismiss the charge against him for a violation of the Interstate Agreement on Detainers [*See* Docs. 215 & 254]. At a hearing on September 9, 2025, the undersigned permitted four additional pro se motions [Docs. 262, 266, 273, & 279] filed by Defendant but denied Defendant's request to reopen the pretrial motion deadline [Doc. 281 pp. 2–3, 5]. Instead, the Court held that Defendant must file a motion for leave and show good cause to file any additional pretrial motions [*Id.* at 3].

Motions relating to discovery under Rule 16 must be made before trial. Fed. R. Crim. P. 12(b)(3)(E). Rule 12(c) permits the Court to set and extend a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)–(2). Pretrial motions not filed by the Court's deadline are untimely, but the Court may consider untimely motions upon a showing of good cause. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id.* at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)).

---

[2] The undersigned sets forth a full statement of the background of this case in the Memorandum and Order of August 11, 2025 [Doc. 269 pp. 2–6] and the Report and Recommendation of March 10, 2026 [Doc. 308 pp. 2–9].

3

Here, the deadline for pretrial motions was February 4, 2025. Defendant filed the motion for additional discovery more than seven months after the expiration of the motion deadline and without requesting leave for the late filing or showing good cause. Defendant's motion should be denied for this reason alone. Thus, this motion [**Doc. 285**] is **DENIED** as untimely.

But, even considering this motion, the Court finds it lacks merit. Rule 16 requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant; the defendant's prior record; certain documents or tangible evidence within the government's possession, custody or control; reports of examinations or tests; and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). The government is required to produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a).

As noted by the Government [Doc. 310 p. 1], although Defendant asserts he is entitled to the requested information as discovery, he relies only on *Brady v. Maryland* [*see* Doc. 285 p. 4], which relates to the provision of exculpatory evidence. The Government denies that the requested materials are exculpatory [Doc. 310 p. 1]. It also contends that the requested items have either been disclosed (the single successful cell phone extraction and all body and dash camera evidence in the Government's possession), will be disclosed in advance of trial pursuant to the Jencks Act (statements including recordings by witnesses and "other witness specific material"), or does not exist (photographic line ups) [*Id*. at 1–2]. Accordingly, the Government appears to have complied with its obligations under Rule 16.

## II.     GRAND JURY MATERIALS [Doc. 295]

Defendant moves the Court to compel production of Grand Jury testimony and materials, arguing these materials are necessary due to "Government misconduct" [Doc. 295 pp. 1–3]. He alleges that federal officers erroneously failed to arrest Codefendant Prince Brown when Brown committed a federal crime in their presence and that they then "subverted" Federal Rule of Criminal Procedure 5(a) because they did not bring Brown before a judge without unnecessary delay [*Id*. at 4–5, 7]. Defendant maintains that "at the time of Prince Brown['s] arrest[,] base[d] on the facts the arresting officer knew of at that time[,] the charge of conspiracy against Defendant Winbush was unconstitutional as applied to his conduct" [*Id*. at 2]. According to Defendant, the Grand Jury was used as a "substitute" for compliance with Rule 5(a) [*Id*. at 7].[3]

Motions alleging "an error in the grand-jury proceeding" must be made before trial. Fed. R. Crim. P. 12(b)(3)(A)(v). As with his motion for additional discovery, Defendant did not file his motion for Grand Jury materials before the motion deadline, did not request leave to file the untimely motion, and did not show good cause for the late filing. Thus, this motion [**Doc. 295**] is also **DENIED** as untimely.

But this motion also lacks merit. A motion for pretrial disclosure of grand jury transcripts is governed by Rule 6(e). *Short*, 671 F.2d at 186 (citations omitted). Rule 6(e) provides that grand jury proceedings are subject to a general rule of secrecy and may not ordinarily be disclosed. But Rule 6(e)(3)(E)(i) provides an exception. Disclosure is permitted "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Whether the Court should require disclosure is discretionary, and before ordering disclosure, a defendant must show a "'compelling

---

[3]     It is not clear to the undersigned whether Defendant seeks the Grand Jury materials from the August 2, 2023 indictment of Codefendant Prince Brown; from Defendant's own indictment on August 21, 2024; or both. For purposes of its analysis, the Court assumes both.

necessity' . . . for breaking the 'indispensable secrecy of grand jury proceedings.'" *Short*, 671 F.2d at 184 (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). A defendant may show this by demonstrating a "'particularized need'" for the disclosure. *Id.* (quoting *Proctor & Gamble*, 356 U.S. at 683). This burden is a "heavy one to overcome.'" *United States v. Sylver*, No. 1:22-cr-708, 2026 WL 444730, at *2 (N.D. Ohio Feb. 17, 2026) (quoting *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984)). "A general claim that disclosure would reveal exculpatory evidence is not sufficient to satisfy the requirement of a showing of a particularized need." *United States v. Faller*, No. 1:13CR-00029-JHM, 2014 WL 12691595, at *11 (W.D. Ky. May 29, 2014) (citing *Short*, 671 F.2d at 187). Nor is a generalized assertion of Government misconduct. *See Sylver*, 2026 WL 444730, at *2–3 (finding that defendant's assertion of "possible Government misconduct" in the form of perjured grand jury testimony based upon inaccurate statement of prior kidnapping conviction in agent's report did not constitute a particularized need for grand jury transcripts).

Defendant fails to show a particularized need for Grand Jury materials. He does not explain the link between Grand Jury materials and his allegations of misconduct by federal agents. As such, Defendant presents no basis for the Court to authorize intrusion upon the secrecy of the Grand Jury.

## III.   CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1.   Defendant's Notice and Request [**Doc. 285**] requesting additional discovery is **DENIED**;

2.   Defendant's Motion to Produce Grand Jury Transcripts [Pursuant to] Fed. R. Crim. P. 6(e)(3)(E)(i)–(ii) [**Doc. 295**] is **DENIED**; and

3.   the Clerk of Court is **ORDERED** to mail a copy of this Memorandum and Order to Defendant at his place of detention.

6

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

7